| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| ERNEST and MATTIE HARRIS, | § § | Civil Action H-08-1243 |
| Plaintiffs, | § | |
| vs. | § | |
| FIDELITY NATIONAL INFORMATION SERVICES, INC., | § § § | |
| Defendant. | § § | |

## MOTION TO RECONSIDER

Fidelity National Information Services, Inc. ("Fidelity"), files this Motion to Reconsider.

### Procedural History

1. On October 16, 2003, the named Plaintiffs filed a Petition for Relief pursuant to Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2. One of the creditors, Saxon Mortgage, filed an objection to Plaintiffs' proposed Chapter 13 Plan (the "Plan") on December 23, 2003.

3. On January 30, 2004, the named Plaintiffs filed an Amended Plan which corrected, among other things, the arrearages on Saxon's claim. In light of that correction, on February 2, 2004, Saxon Mortgage withdrew its objection to confirmation of the Plan.

4. On May 4, 2004, the Bankruptcy Court entered an order confirming the Plan.

5. Prior to the entry of the confirmation order, Saxon Mortgage filed a motion for relief from the automatic stay on April 7, 2004.

6. On April 9, 2004, the named Plaintiffs filed a response to the motion for stay relief. After entry of the confirmation order, on May 19, 2004, the parties entered into an agreed order resolving the motion for stay relief.

7.  On January 16, 2008, almost four and one-half (4 ½) years after the petition date, and four (4) years after entry of the confirmation order, the named Plaintiffs, purporting to act on behalf of themselves and those similarly situated, filed a complaint thereby commencing an adversary proceeding.

8.  In response, Fidelity filed a motion to withdraw the reference of the adversary proceeding pursuant to 28 U.S.C. § 157(d) and FED. R. CIV. BANKR. P. 5011.

9.  Additionally, on February 22, 2008, Fidelity filed a motion to dismiss Plaintiffs' complaint.[1] On April 1, 2008, the Bankruptcy Court made oral findings of fact and conclusions of law on the record and on April 4, 2008, the Bankruptcy Court entered a written order memorializing those oral findings.[2]

10. The Bankruptcy Court denied Fidelity's Motion to Dismiss under FED. R. CIV. P. 12(b)(1) and granted in part and denied in part Fidelity's motion to dismiss under FED. R. CIV. P. 12(b)(6). Of the six counts alleged by Plaintiffs, the Court dismissed Counts 1 and 3 and properly found that Count 6 was not a request for relief, but rather a request for damages and, as such, ordered Plaintiffs to replead.

11. On April 11, 2008, the Plaintiffs filed their First Amended Complaint. On April 21, 2008, the Defendant filed its Answer and Affirmative Defenses.

12. Thereafter, an order was entered withdrawing the reference from the Bankruptcy Court and the case is now pending before this Honorable District Court.

---

[1]  *See* Exhibit A attached hereto.

[2]  *See* Exhibit B attached hereto.

## Request for Reconsideration

13. Fidelity believes that the Bankruptcy Court erred in denying its motion to dismiss Counts 3, 4 and 5 of Plaintiffs' complaint. These counts are now Counts 1, 2 and 3 of the Amended Complaint.

14. The Bankruptcy Court erred in failing to dismiss Count 2 (Count 1 of the Amended Complaint) as fees paid from attorneys to Fidelity are not "property of the estate" pursuant to Bankruptcy Rule 2016(a). Fidelity requests that this Court reconsider that finding.

15. The Bankruptcy Court erred in failing to dismiss Count 4 (Count 2 of the Amended Complaint) of the complaint as Fidelity does not receive any "property of the estate" and as such cannot be in violation of 11 U.S.C. § 362(a)(3). Fidelity requests that this Court reconsider that finding.

16. The Bankruptcy Court erred in failing to dismiss Count 5 (Count 3 of the Amended Complaint), civil conspiracy, as such decision was based on erroneous decisions made regarding Counts 2 and 4 (Counts 1 and 2 of the Amended Complaint). Fidelity requests that this Court reconsider that finding.

## Prayer

17. Defendants respectfully request that this Court reconsider the Bankruptcy Court's ruling denying Defendants' motion to dismiss Counts 1, 2, and 3 of Plaintiffs' Amended Complaint, grant such motion and dismiss Plaintiffs' claims.

**Dated:** December 2, 2008

Respectfully submitted,

WINSTEAD PC

By:     */s/Michael P. Cash*
Michael P. Cash, Esquire
Texas Bar No. 03965500
S.D. Texas No. 5472
Attorney-In-Charge
Joseph G. Epstein, Esquire
Texas Bar No. 06639320
S.D. Texas No. 11733
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: 713-650-8400
Facsimile: 713-650-2400

-and-

Of Counsel:

Kurt F. Gwynne, Esquire
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
215-851-8100
215-851-1420 (facsimile)

Counsel for Fidelity National
Information Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2008, a true and correct copy of the foregoing instrument has been served on all parties entitled to receive notice via the Court's Electronic Filing System or by United States Mail, postage prepaid and properly addressed to the persons or parties listed below.

Johnnie Patterson
Michael Walker
Miriam Goott
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, Texas 77208

David K. Bissinger
Gerald S. Siegmyer
SIEGMYER, OSHMAN & BISSINGER LLP
2777 Allen Parkway, 10th Floor
Houston, Texas 77019

R. Paul Yetter
YETTER, WARDEN & COLEMAN, L.L.P.
909 Fannin, Suite 3600
Houston, TX 77010

/s/ Michael P. Cash
Michael P. Cash